ROLFE et al. v. TEXAS & PACIFIC RY. CO.

No. 4853.

Court of Civil Appeals of Texas. El Paso.

Feb. 27, 1952.

Rehearing Denied March 26, 1952.

Scarborough, Yates, Scarborough & Black, Abilene, C. W. Tate and Lester C. Boone, both of Odessa, for appellants.

Stowe & Harmon, Odessa, Hudson & Tomlin, Pecos, D. L. Case, Dallas, for appellee.

SUTTON, Justice.

This is an appeal from a judgment of the District Court of Ector County, Hon. Garland Casebier sitting as the trial judge, in a trespass to try title suit.

The appellants brought the suit against the Railway Company to recover Blocks 75 and 76 in the original townsite of Odessa, the county seat of Ector County. The plaintiffs claim the title to the property through their ancestor, John Hoge, by virtue of a reversion clause contained in a deed executed by John Hoge to the Railway Company wherein the Blocks were conveyed. The trial was to a jury on the facts but at the conclusion of the testimony the Court discharged the jury, saying to them there was presented no question of fact for the jury. The Court thereupon rendered judgment for the defendant and that the plaintiffs take nothing and from that judgment this appeal is prosecuted. There were no findings and conclusions requested and none are in the record. The case is here on a transcript and statement of facts.

The plaintiffs present eight points of error but they are all directed to the proposition the court erred in rendering the judgment against them. The defendant has replied with thirteen counter-points and many interesting questions are discussed and authorities reviewed by the parties but we think a consideration of and construction of three deeds determine the case.

The original townsite of Odessa was laid out on a portion of Section 27, and adjacent to the T. & P. Railroad. Section 27, and numerous other surveys of land, was conveyed by the Texas & Pacific Railway Company to "John Hoge, Trustee" by deed dated February 17, 1886. There is nothing contained in the instrument which discloses the beneficiary of the trust.

August 28, 1895, "John Hoge, Trustee" conveyed Blocks 75 and 76 to the Railway Company, signing and acknowledging the instrument "John Hoge, Trustee." The deed contained the following provisions:

"Provided always and these presents are upon this express condition that the real estate herein described has been donated by the said John Hoge, Trustee, to the said The Texas and Pacific Railway Company for the purpose of the erection thereon and use of Stock and Shipping Pens in connection with the business of said Railway Company at the Town of Odessa. Now in the event said Stock Pens are destroyed or removed and are not replaced within one years time with such pens as the business of said Railway Company will warrant, then and in that event the title to said land shall revert and revest in said John Hoge, Trustee, the grantor hereof."

There is evidence in the record, and not disputed, as we understand it, the stock pens were on the lands conveyed as early as 1888 and continuously until removed. The pens were removed entirely off the property in June 1949, and new pens built some 3 to 5 miles outside the city of Odessa.

November 27, 1895, by deed signed "John Hoge and John Hoge, Trustee," divers lands were conveyed to the "Odessa Improvement and Irrigation Company." The deed recites:

"Whereas, there was heretofore, by various deeds of conveyance, granted and conveyed to John Hoge of * * in his own behalf and as trustee, the several parcels of real estate hereinafter described; and whereas, the said conveyances were received by the said John Hoge, in trust for the use and benefit of the Odessa Improvement and Irrigation Company, and

"Whereas, the said company was thereafter, duly incorporated and organized under the laws of the State of Texas, and is a corporation of said State, and

"Whereas, the said corporation is de-

sirous of receiving from said John Hoge, a conveyance of the legal title to all said real estate.

"Now, therefore, I, the said John Hoge, an unmarried man, in my own behalf and as trustee, as aforesaid, in consideration of the premises and one dollar to me in hand paid and in pursuance of and fulfillment of said trust, have granted, aliened, conveyed and confirmed, and by these presents do remise, release and forever quit claim unto the Odessa Improvement and Irrigation Company, its successors and assigns forever, in fee simple, the following described real estate; * * *

"Survey No. 21, by certif. No. 4127, and patented Feb. 26, 1886, by Patent No. 144, Vol. 95, excepting from said Survey No. 21 so much thereof as is included in the recorded plat of 'The Odessa College Lots' and which have been heretofore conveyed by this grantor. Survey No. Twenty-seven (27) by certificate 4130 and patented Feby. 26, 1886 by Patent No. Vol. excepting therefrom so much of said Survey No. 27 as is contained in the recorded plat of the Town of Odessa, and also excepting therefrom so much of the said Survey No. 27 as is contained in the recorded plat of The Odessa College Lots and which have been heretofore conveyed by this grantor."

The deed further conveys an undivided one-half interest in a large number of lots and blocks in the original Townsite of Odessa, including Blocks 74 and 77 adjoining Blocks 75 and 76, here involved, but no mention is made of such Blocks 75 and 76 whatsoever in said deed.

Following the description of the lots and blocks the deed continues:

"The said real estate here described and conveyed to the said company is all of the real estate conveyed to the said John Hoge, in Trust, as aforesaid, except such parts thereof, as have been heretofore by me conveyed for the use and benefit of said company and at its instance and request. And all the estate, title and interest of the said John Hoge, individually, and as trustee, either in law, or in equity, in and to said premises, together with all the privileges and appurtenances to the same belonging, and all rents, issues and profits thereof.

"To have and to hold, etc. * * *."

John Hoge July 18, 1903, made an affidavit that the beneficiaries under the deeds made to him by the Texas and Pacific Railway Company and other grantors named "were all the members of the Odessa Irrigation and Improvement Company, being the same Company to which said Hoge conveyed said aforesaid lands."

There is no dispute about the fact that John Hoge received and held the lands, including Survey No. 27 as trustee for said Company.

As we understand plaintiffs their contention is when the stock pens were removed from Blocks 75 and 76 and not restored within one year the property reverted and revested under the provision of the deed from Hoge to the Railway Company, supra, and that the last deed from Hoge to the Odessa Improvement and Irrigation Company was a settlement between the Trustee and the beneficiary and the reversionary estate in said Blocks 75 and 76 was excepted from the deed as a part of Odessa Townsite and vested in John Hoge, and they are, therefore, entitled to recover the same.

The decisive question is, we think, did the reversionary estate in such blocks vest in John Hoge under the provisions of the last mentioned deed? We think not. It is undisputed Survey 27 was held by Hoge in trust for the Company. He conveyed the Blocks as Trustee and the reservation was in the same capacity. The reversionary estate was, therefore, the estate of the Company. There is no contention about that, but it is said it was excepted from the deed of November 27, 1895 and thereby reserved to Hoge. We are unable to agree to this. We think Blocks 75 and 76 were among those parts theretofore conveyed "for the use and benefit of said company and at its instance and request." They had been, beyond question, previously conveyed as the property of the Company and subject only to the reservation. Hoge had no interest in them then and could not have had, ex-

cept as the result of some reservation made for him. It is thought the situation there was similar to one in which some lot or block had been conveyed with a reservation of a vendor's lien to secure a part of the unpaid purchase money. It could hardly be said, in such a supposed case, Hoge would have gotten the benefit of the vendor's lien under the terms of the deed to the Company. It is plain to us the only lots and blocks excepted were those remaining unsold.

On the basis of our construction of the instruments herein discussed we overrule all appellants' points of error and affirm the judgment of the trial court.

PRICE, C. J., did not participate.